UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Case No.  18-cr-20554

Honorable Paul D. Borman

v.

JACKIE DOUGLAS WOODBURN,

Defendant.

_____/

## CRIMINAL SPEEDY TRIAL NOTICE AND SCHEDULING ORDER

The purpose of this Order is to:

(1)    Provide for Discovery and Inspection of Documents;
(1)    Establish a Plea Cut-off Date;
(3)    Establish a Motion Cut-off Date;
(4)    Set Guidelines for Other Pretrial Matters; and
(5)    Set a Trial Date and Final Pretrial Conference.

If the parties intend to resolve this case by a plea agreement pursuant to Federal Rule of Criminal Procedure 11, the parties must submit a signed written plea agreement to chambers by the close of business on or before the deadline set forth below.  The following deadlines apply in this case:

AS OF THE DATE OF THIS ORDER, THE SPEEDY TRIAL DATE IS: October 18, 2018.

SIGNED RULE 11 PLEA AGREEMENT: September 24, 2018

FINAL PRETRIAL CONFERENCE/ENTRY OF PLEA:
September 24, 2018 @ 1:30 p.m.

TRIAL DATE AND TIME: October 9, 2018 @ 10:00 a.m.

MOTION FILING DEADLINE: September 14, 2018

MOTION HEARING DATES will be set by the case manager if motions are filed and the Court concludes that a hearing is required.

DEADLINE FOR SUBMITTING WITNESS LISTS, PROPOSED VOIR DIRE, PROPOSED JURY INSTRUCTIONS AND LISTS OF EXHIBITS: one week prior to trial. These documents are to be delivered directly to Judge Borman's chambers, NOT electronically filed or otherwise submitted to the Clerk's Office.

1.    <u>ATTORNEY CONFERENCE AND DISCLOSURE</u>

Within ten (10) days of the date of arraignment, government and defense counsel shall meet and confer for the purpose of resolving or minimizing the issues in controversy. *Upon the request of defense counsel, government counsel shall:*

(A)  provide defense counsel with the information described in Federal Rules of Criminal Procedure 16(a)(1); and

(B)   permit defense counsel to inspect and copy or photograph any exculpatory/impeachment evidence within the meaning of *Brady v. Maryland*, 373 U.S. 83 (l963), *United States v. Agurs*, 427 U.S. 97 (l976), and *Giglio v. United States*, 405 U.S. 105 (l972). A list of such evidence shall be prepared and signed by all counsel. Copies of the items which have been disclosed shall be initialed or otherwise marked.

Nothing in this Order shall be construed to require the disclosure of Jencks Act material prior to the time that its disclosure is required by law.

2.    <u>DISCLOSURE DECLINED</u>

If, in the judgement of government counsel, it would be detrimental to the government's interests to make any of the disclosures set forth in the paragraph above, the government shall file a motion within the ten-day period seeking relief from this Order and setting forth the specific reasons therefore.

3.    <u>CONTINUING DUTY</u>

The duty to disclose is continuing, even throughout trial.

4.    <u>DISCOVERY BY THE GOVERNMENT</u>

This Order is not designed to preclude discovery by the government under the Federal Rules of Criminal Procedure, nor to alter the Defendant's obligation, if any, under Rule 16(b).

5.    <u>E-FILING</u>

All court papers to be made part of the court record *must first be filed electronically*. A hard copy of every court paper filed electronically shall be provided to chambers by the next day.    Attorneys shall furnish to chambers courtesy hard copies of appendices in support of motions that have been e-filed, limited to the following material: (1) exhibits that contain materials that cannot be understood adequately in copied form (e.g., color photographs, color graphs and charts);  (2) appendices that exceed 50 pages in length; (3) motions with exhibits that exceed 3 in

number.  Paper copies of appendices may be sent by ordinary mail posted within one

(1) business day of the e-filing date.  Paper copies should be directed to chambers and

NOT filed with the Clerk's Office.

6.    <u>MOTIONS</u>

All pre-trial motions are to be filed on or before the motion cut-off date.  If

motions are filed, the government may respond within the time allowed by the Local

Rules for response (14 days for non-dispositive motions; 21 days for dispositive

motions).

7.    <u>EXHIBITS</u>

(A)    <u>Marking of Exhibits</u>

Counsel are required to mark all proposed exhibits in advance of trial.  Use the

traditional "Government's Exhibit ___" (yellow) and "Defendant's Exhibit ___"

(blue) stickers.  A consecutive numbering system should be used by each party.

Numbers used by one party shall not be used by other parties. Suggestion:

government, 1-500; defendant(s) begin at 500.

(B)    <u>List of Exhibits</u>

A list of proposed exhibits shall be submitted directly to Judge Borman's

chambers by each of the parties by the deadline established at the final pretrial

conference.  However, no later than one (1) week before the final pretrial conference,

each party shall make available for inspection by the opposition part all exhibits which that party will introduce at trial.  This provision shall not extend the time for disclosure and inspection of material previously ordered herein.

(C)    Foundation for Exhibits

When a party has inspected an exhibit that the opposing party intends to introduce in evidence, the authentication of that will be deemed established unless the objecting party files a notice with the Court at or before the final pretrial conference that the foundation for admission into evidence of the exhibit will be contested.

(D)    Objections to Exhibits

This Order shall not affect the right of a party to object at the time of trial to the introduction of an exhibit other than on the basis of authentication.

(E)    Custody and Record of Admitted Exhibits

Counsel are required to maintain a record of all admitted exhibits during trial. See attached exhibit form.  Counsel for each party must keep custody of that party's admitted exhibits during trial.  A party who objects to this provision must file a written objection prior to jury selection.

(F)    Trial Exhibits

Each party must prepare exhibit books for the court and the court reporter.

A separate exhibit book should be also prepared and made available to a witness who is to be questioned about an exhibit.

      (G)    <u>Preparing Exhibits For Jury Deliberation</u>

Counsel must confer and purge from one set of binders or files all exhibits not admitted during the course of trial.

      (H)    <u>Filing Exhibits</u>

It is the responsibility of the parties to ensure that the record is complete.  All trial exhibits, briefs, proposed jury instructions are to be filed in the record within five business days of the verdict.

      (I)    <u>Full Disclosure</u>

Computer generated visual or animated evidence, together with underlying data, must be disclosed to opposing counsel at least one week before the start of trial.

      (J)    <u>Penalty</u>

A party who does not abide by the provisions of this Order may be subject to sanctions, including preclusion of the introduction of exhibits at trial.

8.    <u>WITNESS LIST</u>

By the deadline established at the final pretrial conference (usually one week prior to trial), and to enable the Court to better estimate the length of trial, each party shall submit directly to Judge Borman's chambers a list of witnesses by name and

agency (if appropriate), whom it reasonably anticipates it will call to testify at trial, noting the approximate amount of time the party anticipates will be needed for examination of each such witness. The list must be served on opposing counsel; proof of service must be attached. This list and proof of service are NOT to be electronically filed.

9.    <u>JURY INSTRUCTIONS</u>

The parties must meet and confer prior to trial to discuss jury instructions. By the first day of trial, the parties must submit directly to Judge Borman's chambers a single set of proposed, stipulated jury instructions. All such instructions are to be submitted in typewritten form (double spaced) <u>and</u> on computer disk compatible with WordPerfect version 12.0; each instruction shall contain references to authority (*e.g.*, "Devitt and Blackmar, Section 11.08"), and each instruction shall be on a separate page. In addition, each party must submit separately to Judge Borman's chambers all additional proposed instruction (in the same form) to which any other party objects. The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching agreement as to an acceptable form.

On the first day of trial, each defendant must furnish the Court with the "defense theory" (*see* Sixth Circuit Pattern Jury Instructions 6.01) if the defendant

desires such an instruction.  The defense theory is to be submitted in typewritten form (double spaced) and on computer disk compatible with WordPerfect version 12.0.

10.   <u>VOIR DIRE</u>

In jury cases, the Court will conduct the initial voir dire.  Counsel may be permitted to ask follow-up questions to prospective jurors.

11.   <u>JUROR NOTE TAKING</u>

Jurors will be not be allowed to take notes except in extended complex cases.

12.   <u>ALTERNATE JURORS</u>

If more than twelve (12) jurors are selected, the Court prefers that alternate jurors be removed by lot at the conclusion of the final jury instructions, unless a party objects to this process at or before the final pretrial conference.  If objections are made, the last juror(s) drawn during the selection process shall be deemed the alternate juror(s).

13.   <u>BENCH TRIAL</u>

In bench trials, proposed findings of fact and conclusions of law must be submitted one week before the commencement of trial.

14.   <u>CONTINUANCES</u>

Continuances of trial dates or continuances during trial will not be granted because of unavailability of witnesses.  Please notify this Court if Court intervention

is necessary to secure witness attendance.  Otherwise, witnesses will be expected to be available when called.

15.    FINAL PRETRIAL CONFERENCE

At the final pretrial conference counsel must be prepared to discuss all matters that will promote a fair and expeditious trial, including but not limited to:

A.    Anticipated evidentiary issues;
B.    Length of trial;
C.    Stipulations that may obviate the need for foundation witnesses;
D.    Stipulations that may obviate the need to prove facts that are uncontested;
E.    Stipulations that may obviate the need for certain exhibits;
F.    Peremptory challenges; and
G.    Special arrangements for the presentation of witnesses and other evidence (handicapped parties/witnesses, A/V needs, interpreters, etc.).

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 13, 2018

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 13, 2018.

s/Deborah Tofil
Case Manager

PLAINTIFF'S EXHIBITS
DEFENDANT'S EXHIBITS

| EXHIBIT NO. | DESCRIPTION | DATE OFFERED | OBJECTED TO | RECEIVED |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |