UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,  Case No. 2:18-cr-20554-PDB-APP
        Plaintiff,  Hon. District Judge Paul D. Borman

-v-

JACKIE DOUGLAS WOODBURN
        Defendant(s).
_____/

## MOTION TO AMEND SCHEDULING ORDER

**NOW COMES** Defendant, JACKIE DOUGLAS WOODBURN, by and through his attorney, GERRY MASON, and in support of his motion now states,

1.    That at the March 4, 2019 status conference Defense counsel requested time to obtain a private evaluation of Defendant as to criminal responsibility.

2.    That a waiver of the right to Speedy Trial was placed on the record.

3.    That an Order Determining Excludable Delay was entered March 6, 2019 and contains the following deadlines:

| | |
|---|---|
| Defense expert report due and all discovery to be reviewed by: | May 3, 2019 |
| Motion deadline: | May 17, 2019 |
| Plea cutoff deadline: | May 28, 2019 |
| Pretrial conference/Plea hearing: | May 28, 2019 at 10:30 am |
| Jury trial: | June 18, 2019 at 10:00 am |

4. That a Stipulation and Order to Allow Dr. Steven Miller and Carl Hagstrom, LMSW Access to Defendant for Purposes of Evaluation entered April 17, 2019.

5. That a Stipulated Order to Allow Additional Time for Completion of Expert Reports entered May 10, 2019.

6. That the Defense expert report is now due on or before June 14, 2019.

7. That Defense counsel contacted Assistant U.S. Attorney's April Nicole Russo and Kevin Mulcahy and obtained their concurrence with extending the expert report deadline but they have not concurred on extending all other deadlines.

8. That based on the new deadline of June 14, 2019 for expert reports, Defense counsel requests new deadlines be established for review of discovery, motion deadline, plea cutoff deadline, pretrial conference/plea hearing date, and jury trial.

**WHEREFORE** Defendant prays this Honorable Court grants relief as follows:

A. That deadlines for discovery review, motion deadline, plea cutoff deadline, pretrial conference/plea hearing date, and jury trial be extended/reset accordingly;

C. That Defendant is awarded any other relief as may be agreeable to

justice and good conscience.

                          Respectfully submitted,

                          s/ *Gerry Mason*
                          GERRY MASON
                          GERRY MASON LAW OFFICES PLLC
                          Attorney for Defendant
                          1700 Busha Hwy
                          Marysville, Michigan  48040
                          Tel.      (810) 989-0057
                          Fax.     (810) 989-6107
                          E-Mail:  gdblues@yahoo.com
                          P59065

## **CERTIFICATE OF SERVICE**

     I hereby certify that on May 17, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record in this matter.

                          s/ *Gerry Mason*
                          GERRY MASON
                          GERRY MASON LAW OFFICES PLLC
                          Attorney for Defendant
                          1700 Busha Hwy
                          Marysville, Michigan  48040
                          Tel.      (810) 989-0057
                          Fax.     (810) 989-6107
                          E-Mail:  gdblues@yahoo.com
                          P59065

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,   Case No. 2:18-cr-20554-PDB-APP
        Plaintiff,   Hon.. District Judge Paul D. Borman

-v-

JACKIE DOUGLAS WOODBURN
        Defendant(s).
_____/

## DEFENDANT'S BRIEF IN SUPPORT OF
## MOTION TO AMEND SCHEDULING ORDER

*Issues Presented*

That the scheduling deadlines were established based on an original due date for expert's reports of May 3, 2019. That deadline has been extended to June 14, 2019 and Defendant is requesting all other deadlines be amended accordingly.

*Background*

After a discussion of the competency reports issued by the Bureau of Prisons the defendant was declared competent to proceed in the case. Defense counsel requested and was granted time to obtain a private evaluation as to criminal responsibility that may be presented as a defense at trial. The Defendant placed a waiver of his right to Speedy Trial on the record and in the interest of justice the Court granted the requested continuance.

The Court entered an Order Determining Excludable Delay setting forth

deadlines for the expert report of May 3, 2019, with additional deadlines for review of discovery, motion deadline, plea cutoff deadline, pretrial conference/plea hearing date and jury trial date.

Dr. Steven Miller and Carl Hagstrom, LMSW requested an extension to June 14, 2019 to file their expert report. In accordance with LR 7.1(a)(1) Defense counsel obtained a concurrence on allowing an extension for expert reports with Assistant U.S. Attorney April Nicole Russo and Kevin Mulcahy and a Stipulation and Order To Allow Additional Time For Completion Of Expert Reports entered May 10, 2019.

Defense counsel did not obtain concurrence regarding a request for an extension on deadlines and was advised that would need to be done by motion. Defense counsel is requesting that all deadlines be reset accordingly based on the new deadline of June 14, 2019 for expert reports.

*Legal Authority*

A period of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any offense must commence for any period of delay resulting from other proceedings concerning the defendant, including but not limited to a delay resulting from any proceeding including any examinations, to determine the competency or physical capacity of the defendant. 18 U.S.C. §3161(h)(1)(A).

The movant must ascertain whether the contemplated motion, or request under Federal Rule of Civil Procedure 6(b)(1)(A), will be opposed. If the movant obtains concurrence, the parties or other person involved may make the subject matter of the contemplated motion or request a matter of record by stipulated order. LR 7.1(a)(1).

As the United States Supreme Court stated in *Powell v. Alabama,* 287 US 45; 53 S Ct 55; 77 L Ed 158; 84 ALR 527 (1932): "The prompt disposition of criminal cases is to be commended and encouraged. But in reaching that result a defendant, charged with a serious crime, must not be stripped of his right to have sufficient time to advise with counsel and prepare his defense. To do that is not to proceed promptly in the calm spirit of regulated justice but to go forward with the haste of the mob." "Thus the desire of the trial courts to expedite court dockets is not a sufficient reason to deny an otherwise proper request for a continuance." *People v. Charles O. Williams,* 386 Mich. 565; 194 N.W.2d 337 (1972).

In *People v. Wilson,* 397 Mich. 76; 243 N.W.2d 257 (1976) the Supreme Court of Michigan stated "The precedential meaning of judicial discretion and abuse of discretion appear in *Spalding v. Spalding,* 355 Mich 382; 94 NW2d 810 (1959)." The court then went on to explain:

> "We explained the Spalding test in the criminal case context in People v. Charles O Williams, 386 Mich 565; 194 NW2d 337 (1972). In that case, we reversed a conviction because the trial court refused to grant defendant's counsel's motion to withdraw made on the day of

trial, and also refused to grant a continuance. That matter had been adjourned four times previously, and the defendant and his lawyer reached an impasse on whether to call some of defendant's witnesses. After quoting the language in Spalding we stated:

"While the rule laid down in *Spalding* is generally the correct rule to apply, a somewhat stricter standard should be observed in criminal cases where loss of freedom by incarceration is often the penalty that a convicted defendant will summer." 386 Mich at 573; 194 NW2d at 340.

After reviewing some of the Federal authorities dealing with the court's discretion to grant continuances, we concluded: "[T]he desire of the trial courts to expedite court dockets is not a sufficient reason to deny an otherwise proper request for a continuance." 386 Mich at 577; 194 NW2d at 342.

In reversing the trial court, we enumerated four factors we considered important in finding that the trial court had abused its discretion in that case in not granting defendant a continuance: 1) the defendant was asserting a constitutional right; 2) he had a legitimate reason for asserting the right; 3) he was not guilty of negligence; 4) prior adjournments of trial were not at the defendant's behest."

*Conclusion*

In the present case the Court did grant Defendant time to obtain an independent evaluation as to criminal responsibility. The medical professionals were retained and met with the Defendant, and are in need of additional time to complete their reports. The prosecution is in concurrence with the request for a continuance on the deadline for expert reports, and Defendant has waived his right to a speedy trial so that the evaluation could be completed. The Court recognized that Defendant should not be stripped

of his right to have the expert reports completed, especially given the seriousness of the alleged crime and the expert's evaluation regarding Defendant's criminal responsibility for the alleged crime and the deadline for expert reports was extended to June 14, 2019. It is in the best interest of justice that all other deadlines and hearing dates also be extended to allow time to properly prepare for trial.

        Respectfully submitted,

        s/ *Gerry Mason*
        GERRY MASON
        GERRY MASON LAW OFFICES PLLC
        Attorney for Defendant
        1700 Busha Hwy
        Marysville, Michigan 48040
        Tel.    (810) 989-0057
        Fax.   (810) 989-6107
        E-Mail: gdblues@yahoo.com
        P59065

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,   Case No. 2:18-cr-20554-PDB-APP
          Plaintiff,   Hon. District Judge Paul D. Borman

-v-

JACKIE DOUGLAS WOODBURN
          Defendant(s).
_____/

### **CERTIFICATE OF SERVICE**

    I hereby certify that on May 17, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record in this matter.

                              s/ *Gerry Mason*
                              GERRY MASON
                              GERRY MASON LAW OFFICES PLLC
                              Attorney for Defendant
                              1700 Busha Hwy
                              Marysville, Michigan  48040
                              Tel.     (810) 989-0057
                              Fax.     (810) 989-6107
                              E-Mail: gdblues@yahoo.com
                              P59065