UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Crim. Case No. 18-20554

v.

Paul D. Borman
United States District Judge

JACKIE DOUGLAS WOODBURN,

        Defendant.
_____/

ORDER PURSUANT TO SPEEDY TRIAL ACT 18 U.S.C. §3161 *et seq.*
FINDING EXCLUDABLE DELAY UNDER §3161(h)7(A) and (b)(ii) AS SET
FORTH FROM THE BENCH ON MAY 30, 2019 AND FURTHER
ELABORATED ON IN THIS ORDER

This case involves potential mental health issues and a potential mental health defense. Although the defendant has been evaluated for competency, the defense has hired two doctors to conduct further mental health evaluations on the defendant. Those doctors will thereafter issue a report as to issues related to a wide ranging view of the defendant's mental health.

Upon receipt of that report, the Government will need time to evaluate the report and, possibly, hire experts of its own to evaluate the defendant. For example, if the defendant advances an insanity or diminished capacity at trial

1

(after providing proper notice pursuant to the Federal Rules of Criminal Procedure), the government will need time to contract a psychologist to opine about the validity of such a defense.

Beyond defenses at trial, the mental health evaluations being conducted by the defense will inform plea negotiations. There are multiple counts in the Indictment, and multiple possibilities of resolving the case short of trial. The parties will need time to assess the mental health evaluations in order to properly weigh the various plea options.

Should those plea negotiations fail, moreover, the parties will need additional time to prepare the case for trial.

Included within plea negotiations and trial preparation are the government's obligations under the Crime Victims Rights Act. The delay of the trial date is further justified by the need to fully comply with that Act.

The parties need for an adjournment of the trial date also derives from the nature of the charges in this case. This is a child exploitation offense. Copies of some of the evidence is not able to be provided to the defense because it is contraband. Therefore, the defense will need to review the evidence at the U.S. Attorney's Office. There has been one such evidence review already, and another is scheduled for mid-June. As the case moves toward trial, additional evidence

reviews may be required and again will be limited to secure locations.

Finally, should the plea negotiations not result in a resolution short of trial, the parties will likely need time to prepare and file pretrial motions.

For all of these reasons, the ends of justice are served by the adjournment of the trial until September 24, 2019.

The Court concludes that the ends of justice are served by granting this continuance, and this ruling outweighs the best interest of the public and the defendant in a Speedy Trial.

SO ORDERED.

DATED: JUN 1 9 2019

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE