UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 18-cr-20554
    District Judge Paul D. Borman

JACKIE DOUGLAS WOODBURN,

    Defendant.
_____/

**ORDER DENYING DEFENDANT JACKIE DOUGLAS WOODBURN'S MOTION FOR COMPASSIONATE RELEASE (ECF NO. 39)**

On August 25, 2020, Defendant Woodburn filed a Petition for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 39.) Petitioner noted that he was sentenced on January 15, 2020 to 204 months imprisonment after pleading guilty to one Count of Production of Child Pornography in Violation of 18 U.S.C. § 2251(a). (*Id*. at PageID 263.) He was designated to FCI-Elkton. His projected release date is November, 2032. (*Id*. at PageID 272.)

On October 8, 2020, the Government filed a Response in Opposition to Defendant's Motion for Compassionate Release. (ECF No. 45.)

On October 16, 2020, Defendant Woodburn filed a Reply to Response to Petition for Compassionate Release. (ECF No. 49.)

1

The parties agree that Defendant Woodburn has exhausted his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A), and that he is obese, a medical condition that meets the eligibility threshold for consideration of compassionate release under U.S. Sentencing Guideline § 1B1.13, cmt., Application Note 1(A). Defendant also contends that he suffers from additional medical conditions: "kidney disease, high cholesterol, pre-diabetes, and age." (Defendant's Reply, ECF No. 49, 10-16-2020, PageID 513.) Defendant notes in his Exhibit B: medical records, that he "has a current BMI of 41, at 5' 11" and 295 lbs." (ECF No. 50, PageID 525.)

At Mr. Woodburn's sentencing on January 15, 2020, the Government recommended a sentence of 20 years. (ECF NO. 43, Sentencing Transcript, PageID 353.) The plea conviction was based on an offense, production of child pornography, that carries a 15-year mandatory minimum sentence as enacted by Congress. Defendant's Guideline Range was 360 months: he was sentenced to 17 years incarceration. (*Id*. at PageID 381.) Mr. Woodburn is 65 years old.

As the U.S. Attorney acknowledged at the sentencing, that while Defendant had never met any of his minor female victims in person, "he creeped into the homes of these people, these children's bedrooms, these children's living rooms or bathrooms in some cases" and sexually exploited them "by lying to them to get them to commit sexual acts." (*Id*. at PageID 375-376.) The Government pointed

out that Defendant, a pastor and counselor at a church, "pretended to be a teenage boy in order to trick his child victims into producing child pornography themselves for his own sexual pleasure." (Government Response in Opposition to Defendants Motion for Compassionate Release, ECF No. 45, PageID 392.) While "still pretending to be a teenage boy--[he] wrote sexually explicit fantasies about the children, professed his love for these girls, and asked for sexually specific videos and images. Woodburn was relentless." (Government Response in Opposition, ECF No. 45, PageID 394.)

Defendant contends that the Court should not factor into its decision on his motion for release, that he has served only two years imprisonment of his 17-year sentence, because of scientific studies showing that the shorter the sentence served, the more the Defendant will be able to maintain his "ties to family, employers, and their community, all of which promotes successful reentry into society." (Defendant's Reply, ECF No. 49, PageID 520.) Finally, Defendant contends that the "BOP has identified Mr. Woodburn as a low risk of recidivism." (*Id*. at PageID 521.)

The Court notes that a recent Sixth Circuit opinion, *United States v. Kinkaid*, 805 F. App'x 394, 395-396 (6th Cir. 2020), approves of a court's consideration of the percentage of time served in its required discussion of the 18 U.S.C. § 3553(a) factors in considering a request for compassionate release:

3

> District courts routinely weigh whether a certain amount of time served is "sufficient, but not greater than necessary" to serve § 3553(a)'s purposes. That's what happens at sentencing. A district court may use that same calculus when deciding whether to grant a motion for compassionate release.

## DISCUSSION

The Court notes that Defendant's plea conviction in this case does not merely involve possession or receipt of child pornography; it involves Defendant's actions in producing child pornography, a much more serious offense, as Congress has recognized by enacting the 15-year mandatory minimum penalty of incarceration.

The Court will not further recite or detail the Government's summary descriptions of the Defendant's behavior with regard to minor victims, even a nine year old, but incorporates the citation to these descriptions in the Government Response for the record. (Government Response, ECF No. 45, PageID 395-399.)

While the Defendant contends that the COVID-19 pandemic has overtaken the Bureau of Prisons' ability to protect prisoners, in particular FCI-Elkton, the Court notes that the present COVID-19 statistics at that prison are one inmate positive for COVID-19, zero staff positives, and 919 prisoners recovered. (BOP Supervisor Tracy Knutson, St. Louis, MO, 10-22-2020.) The Court further notes that the United States Court of Appeals for the Sixth Circuit decision in *Wilson v.*

*Williams*, 961 F.3d 829, 833-834 (6th Cir. 2020) concluded that the BOP has taken satisfactory steps to deal with COVID-19 at the Elkton facility.

The Court further recognizes that a very recent Sixth Circuit opinion in *United States v. Dane Schrank*, 975 F.3d 534, 536 (6th Cir. 2020) pointed out the following with regard to child pornography offenses:

> Congress understands that child pornography is a serious crime…
>
> Child pornography is an abhorrent offense that scars the children affected forever…
>
> Likewise, "general deterrence is crucial in the child pornography context." *Bistline*, 720 F.3d at 632.

Even though Defendant Woodburn has exhausted his administrative rights under § 3582(c)(1)(A), and this is properly before this Court. However, even if he has set forth an "extraordinary and compelling reason" (obesity) for compassionate release, release is not in order unless consistent with the Sentencing Commission's policy statements in Guideline 1B1.13, and 18 U.S.C. § 3582(c)(1)(A) and (ii).

Both § 3582(c)(1)(A) and the applicable Sentencing Commission's policy statements that require the Court as a prerequisite to considering release, apply the factors contained in 18 U.S.C. § 3553(a), find that the Defendant, if released, is not a danger to the safety of the community, and further, as required in 18 U.S.C. § 3142(g). Thus, even if the Court determines that Defendant's obesity constitutes a Guideline 1B1.13(A) "extraordinary and compelling reason" to provide a reduction

5

in sentence and order compassionate release, that cannot occur unless the Court has determined that Defendant is not a danger to the safety of the community. This Court finds that there are no conditions of release that would permit the Court to conclude that, if released, Defendant is not a danger to the community.

The Court does not find that his medical records reveal any other extraordinary and compelling reasons for release. The Court finds that Defendant's other medical condition issues are being treated appropriately at FCI-Elkton.

With regard to the 18 U.S.C. § 3553(a) factors, the Court finds:

(1) That the nature and circumstances of Defendant Woodburn's conviction indicate, as the Sixth Circuit noted in *Schrank*, dangerous criminal behavior directed at minor children. Woodburn's lack of criminal history, and his conduct during his very brief period at FCI-Elkton, do eviscerate the Court's concern for recidivist criminal behavior if Defendant were to be released to the community.

(2) There was a need in this year, 2020, to impose this significant 17-year sentence to provide just punishment for this terribly serious offense, to promote respect for the law, to deter similar conduct by others, and at this time after only a very brief

incarceration period, to protect the public from further crimes by this Defendant.

It has only been a few months since the Court imposed this 17-year sentence for an internet child predator who surreptitiously instigated the production of child sex pornography to satisfy his deviant behavior. To grant his request for home confinement would not provide just punishment for this serious offense, would not promote respect for the law, nor provide significant deterrence to others considering the commission of a similar serious child pornography offense, and would not provide a sufficient term of imprisonment to deter Defendant from committing a similar child pornography offense if released.

The Court also finds, pursuant to 18 U.S.C. § 3142(g), that there are no conditions of release that could protect the community from similar criminal behavior by this Defendant if released.

## CONCLUSION

The Court DENIES Defendant's motion for compassionate release for this very serious child pornography crime where Defendant has served but a very minor period of incarceration, because to do so would not provide just punishment for this deplorable offense, would not promote respect for the law, would not deter

similar conduct by others, and would not guarantee the public protection from future crimes by Defendant Jackie Douglas Woodburn.

    SO ORDERED.

DATED: October 26, 2020          s/Paul D. Borman  
                                                   PAUL D. BORMAN  
                                                   UNITED STATES DISTRICT JUDGE